UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDLELIGHT MINI STORAGE,
INC.,

    Plaintiff,

v.                                       Case No. 8:12-cv-393-T-30MAP

CHUBB GROUP INSURANCE
COMPANIES,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. # 8), and Plaintiff's Response in Opposition (Dkt. 11). Upon reviewing Defendant's Motion, Plaintiff's Response, and being otherwise advised in the premises, the Court concludes that Defendants' Motion should be granted.

### Background

Plaintiff Candlelight Mini Storage ("Candlelight") seeks damages against Defendant Chubb Group Insurance Companies, d/b/a Defendant Federal Insurance Company ("Federal") for breach of a surety bond contract. Defendant moves to dismiss Count III of the Amended Complaint, a claim for foreclosure.

Plaintiff and Hampton Ridge Developers ("Developer"), entered into a contract for the purchase of a vacant parcel of property located in Brooksville, Hernando County, Florida (the "Property"), on February 15, 2006. Developer agreed to construct the required offsite

infrastructure improvements for road, water, sewer, and irrigation supply to the Property. Plaintiff, wanting assurance that Developer would construct these improvements, requested a surety bond. Developer, Plaintiff, and Defendant entered into a surety bond agreement, with Developer as principal, Defendant as surety, and Plaintiff as obligee.

After Developer failed to construct the improvements, Plaintiff demanded that Defendant pay Plaintiff the amount of $600,000 (with interest), as required under the surety agreement. Defendant has, as of yet, failed to do so.

Plaintiff brings claims for declaratory judgment, breach of contract, and foreclosure on the Bond. Defendant moves to dismiss the foreclosure count, for failure to state a claim upon which relief can be granted.

## Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal,* 129 S.Ct. at 1951; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

## Discussion

Defendant moves to dismiss Count III of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, arguing that a foreclosure action is not a proper claim to enforce the terms of the surety bond.

This Court agrees. A foreclosure is "[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender...either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Blacks's Law Dictionary (9th ed. 2009). Here, Plaintiff is not a lender, and does not seek to gain title or to force the sale of any property to satisfy an unpaid debt secured by such property  While Plaintiff states that it did not intend this Court to understand the term "foreclosure" in its literal sense, this Court declines to engage in the business of divining Plaintiff's true intentions. Count III, as

written, is a count for foreclosure. As such a count is not appropriate under these facts, it should be dismissed, with prejudice.

The Court concludes, however, that if Plaintiff so chooses, it should be allowed to replead its Complaint to include the Count which it actually intended, apparently an action to redeem or enforce the bond. If it does so, however, Plaintiff should clearly explain why such count differs from its breach of contract claim. The surety bond in this case appears to be a contract, and Plaintiff appears to be simply pleading a breach of contract cause of action. Thus, if Plaintiff chooses to plead an additional, non-contract, count, it should explain why such a count is necessary.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. 8) is hereby granted.

2. Count III of Plaintiff's Amended Complaint, for foreclosure, is hereby dismissed, with prejudice.

3. Plaintiff may replead its complaint, in accordance with the above-stated instructions, within twenty (20) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2012.

Copies furnished to:
Counsel/Parties of Record

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

S:\Odd\2012\12-cv-393.mtd.frm