**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CANDLELIGHT MINI STORAGE, INC.,
a Florida corporation,

    Plaintiff,

v.                                              Case No: 8:12-cv-393-T-30MAP

CHUBB GROUP INSURANCE
COMPANIES (d/b/a FEDERAL
INSURANCE COMPANY),
an Indiana corporation,

    Defendant.
_____

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count III of Second Amended Complaint (Dkt. #17) and Plaintiff's Response in Opposition (Dkt. #18). The Court having considered the motion and memoranda of law submitted by the parties, and being otherwise fully advised, concludes the Motion to Dismiss should be denied.

### BACKGROUND

The factual background is drawn from the allegations of the Second Amended Complaint (Dkt. #14), which the Court accepts as true for the purpose of this motion only.

Candlelight Mini Storage, Inc. filed its Complaint against Chubb Group Insurance Companies, (d/b/a Federal Insurance Company), in state court in Hernando County,

Florida on November 4, 2011. Federal Insurance then filed its Notice of Removal to this Court on February 23, 2012.

On March 6, 2012, Federal Insurance filed its Motion to Dismiss Counts II and III of Candlelight's Complaint or Motion for More Definite Statement. Candlelight filed its Response to Federal Insurance's Motion, as well as an Amended Complaint, on March 20, 2012. Federal Insurance moved to dismiss Count III of the amended complaint on March 27, 2012, and the Court granted Federal Insurance's motion on June 13, 2012.

On July 3, 2012, Candlelight filed its Second Amended Complaint, which raises three claims. Count I seeks a declaratory judgment, Count II alleges a breach of contract by Federal Insurance, and Count III is an action in equity to enforce the bond terms.

In 2006, Candlelight entered into a contract with Hampton Ridge Developers, LLC for the purchase of property. The agreement required Hampton Ridge to construct requisite offsite infrastructure improvements, and was secured by a bond issued by Federal Insurance. Candlelight relied on the bond when purchasing the property.

Hampton Ridge breached the contract by failing to construct the offsite improvements for which the bond was issued. Although Candlelight made a demand on the bond, Federal Insurance has failed to make payment on the bond or otherwise remedy Hampton Ridge's default. Candlelight has suffered expenses and losses as a result of Hampton Ridge's default and Federal Insurance's failure to perform according to the terms of the bond.

Federal Insurance's present Motion to Dismiss argues that Count III should be dismissed because Candlelight alleges an adequate remedy at law.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12 (b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). In order to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief' that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

Federal Insurance argues that Count III of the complaint should be dismissed because Candlelight has an adequate remedy at law in the form of money damages. Federal Insurance contends that Candlelight's allegations in Count III can serve as a basis

for a breach of contract claim, but cannot state a claim for an action in equity to enforce bond terms because Candlelight has a remedy at law.

Candlelight's Second Amended Complaint does allege a breach of contract by Federal Insurance in Count II. Federal Rule of Civil Procedure 8(d)(2), however, expressly permits a plaintiff to assert alternative claims either in a single count or in multiple counts. Candlelight specifically labels Count III as an "Action in Equity to Enforce Bond Terms, Alternatively to Counts I and II." (Dkt. #14).

In Count III, Candlelight alleges that Federal Insurance received and retained the benefit of a payment to issue the bond, which promised to indemnify Candlelight against "all loss cost or expense" resulting from Hampton Ridge's failure to construct the improvements. Second Amended Complaint (Dkt. #14), ¶56. Candlelight relied on Federal Insurance's promise to its detriment when it purchased the property prior to improvements being constructed. Candlelight further asserts that its reliance on Federal Insurance's promise was reasonable, and that Federal Insurance knew or should have known that Candlelight would act to its detriment in reliance on Federal Insurance's promise. Candlelight also claims that it has incurred losses, expenses, and damages caused by Federal Insurance's failure to fulfill its promise. These damages allegedly include the purchase price of the property, interest, reduction in the market value of the property, lost profits, real estate taxes, attorney's fees, and engineering fees.

Although Candlelight cannot recover on both counts, Candlelight is permitted to plead an equitable count in the alternative. *See, e.g, Shibata v. Lim*, 133 F. Supp. 2d 1311,

1320 (M.D. Fla. 2000) (stating that under federal and Florida Rules, a plaintiff is permitted to assert alternative claims for breach of contract and unjust enrichment, though plaintiff would not be able to recover on both counts).

Accordingly, Count III should not be dismissed.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count III of Second Amended Complaint (Dkt. #17) is DENIED.

2. Defendant shall file an Answer to the Plaintiff's Second Amended Complaint (Dkt. #14), within 14 days.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-393 mtd.doc